DECISION
{¶ 1} Respondent-appellant, Faizal Purakaloth, appeals from a domestic violence civil protection order ("CPO") of the Franklin County Court of Common Pleas, Division of Domestic Relations, entered against him pursuant to a petition filed by his wife, petitioner-appellee, Mushina Kabeer.
 {¶ 2} Appellant and appellee were married on April 9, 2000, and one child was born as issue of the marriage. On September 16, 2005, appellee filed a CPO petition pursuant to R.C. 3113.31, seeking ex parte relief on behalf of herself, her mother, and the parties' daughter. The petition alleged that appellant hit appellee on several occasions, including April 1, 2004 and September 2, 2004. The petition also contained an attached statement consisting of approximately four typed, single-spaced pages, which outlined various instances of abuse beginning shortly after they were married. The trial court subsequently issued a temporary CPO, and set the matter for a full hearing pursuant to R.C. 3113.31(D). On September 26, 2005, the matter came on for a hearing, wherein there was testimony from appellant, appellee, and Rajesh Sasikumar, a neighbor of the parties.
 {¶ 3} Appellee testified that appellant began abusing her shortly after they married. Appellee described an occasion in which, in their daughter's presence, appellant hit appellee in the back of her head twice, causing her to fall and lose consciousness. Appellee described another instance in which appellant attempted to throw her out of the house and hit her "back and forth," and "all over [her] body with [a] stick." (Tr. at 11.) Appellee also testified about appellant abusing her on several occasions after these incidents.
 {¶ 4} Appellant testified that he has never once hit appellee, and that he believes appellee was upset because appellant was diagnosed with IgA nephropathy. Rajesh Sasikumar testified that he had never seen appellant hit appellee, nor had he ever seen appellee with injuries. However, Sasikumar admitted that while he was a neighbor of the parties, he did not see appellee everyday, but only on occasion.
 {¶ 5} At the conclusion of the hearing, the trial court found that appellee had proven by a preponderance of the evidence that she and her child were in danger of domestic violence. Accordingly, the trial court granted the CPO against appellant for five years, terminating on September 25, 2010.
 {¶ 6} Appellant now appeals that order and brings a single assignment of error for our review:
The trial court's finding that Appellant engaged in domestic violence against Appellee was against the manifest weight of the evidence and therefore the trial court erred by issuing a civil protection order.
 {¶ 7} As recently stated by this court, "when reviewing whether a trial court properly granted a CPO, an appellate court must determine whether sufficient, credible evidence supports a finding that the respondent had engaged in acts or threats of domestic violence." Downs v. Strouse, Franklin App. No. 05AP-312, 2006-Ohio-505, at ¶ 10, citing Abuhamda-Sliman v.Sliman (2005), 161 Ohio App.3d 541. This court will not reverse the trial court's decision for being contrary to the manifest weight of the evidence so long as there is some competent, credible evidence going to the essential elements of the case.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Further, "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court." Downs at ¶ 10, quoting Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 81. If the evidence is susceptible to more than one interpretation, the reviewing court must construe the evidence consistently with the trial court's judgment. Id., citing Cent. Motors Corp. v. Pepper Pike (1995),73 Ohio St.3d 581, 584.
 {¶ 8} A person seeking a CPO must prove domestic violence or threat of domestic violence by a preponderance of the evidence.Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. R.C. 3113.31(A)(1) defines "domestic violence" as:
* * * the occurrence of one or more of the following acts against a family or household member:
(a) Attempting to cause or recklessly causing bodily injury;
(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [2903.21.1] or 2911.211 [2911.21.1] of the Revised Code; * * *
 {¶ 9} Appellant argues that the trial court's finding that appellant engaged in domestic violence against appellee was against the manifest weight of the evidence. We disagree.
 {¶ 10} Appellant focuses much of his attention on the photograph that appellee took with her cell phone on April 21, 2004. The photograph depicts appellee, with what appears to be, swelling around her eye area. The photograph was taken approximately 20 days after appellant allegedly hit appellee, and, therefore, appellant contends that appellee is not credible in her testimony that appellant caused the condition depicted in the photograph. Appellant's contention, however, does not fairly represent appellee's testimony. Appellee testified, albeit in a rather confusing manner, that the photograph was taken while she was at the hospital and diagnosed with an eye condition called "dacryodentitis." While appellee did represent that appellant caused the condition to her eye, when asked what she believed could cause such a condition, appellee stated:
It can be caused by different reasons. It can be caused by hitting on the eye, and it can also be caused by crying for days and weeks. That's all I know. * * *
(Tr. at 35.)
 {¶ 11} Appellee never stated that the photograph was taken immediately after the alleged incident on April 1, 2004, but rather she showed the photograph and testified that she believed that appellant's hitting her in the eye caused the condition. In actuality, it matters not whether appellant caused the condition with which appellee presented at the hospital on April 21, 2004, as the relevant issue is whether or not appellant committed domestic violence. Though the confusing manner in which appellee testified may go to her credibility, the trier of fact was free to accept or reject any part of the witnesses' testimony, and credibility determinations are within the province of the trier of fact. The trial court found appellee to be credible, and found appellant not to be credible when he testified that he had never hit appellee.
 {¶ 12} Appellant also takes issue with the fact that appellee's testimony reveals that although appellee stated that she was fearful that appellant would cause harm to her, she continued to reside with him for a month after the September 2, 2004 incident. However, appellant omits that the testimony also reveals that during the time period in which appellee resided with appellant when the alleged abuse would periodically occur, appellee went to the Columbus City Prosecutor and to Choices, a domestic violence network. While again these issues may go to appellee's credibility, such is within the province of the trier of fact. Further, even if this court disagrees with the trial court's credibility determination, such does not mandate a reversal of the trial court's judgment. Downs, supra. The rationale for this position is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke
(Sept. 25, 2001), Franklin App. No. 01AP-194.
 {¶ 13} In short, the trial court, presented with two different versions of the relationship between the parties, essentially found appellee's version to be more credible. Further, if found to be competent and credible, a plaintiff's testimony alone is sufficient to meet the preponderance of the evidence standard. Wardeh v. Altabchi (2004),158 Ohio App.3d 325.
 {¶ 14} After having reviewed the complete record, we find that the record contains competent, credible evidence to support the trial court's conclusion that a CPO was warranted in this case. Consequently we find that the decision to grant the petition for a CPO was not against the manifest weight of the evidence.
 {¶ 15} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is hereby affirmed.
Judgment affirmed.
Brown and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6C, Article IV, Ohio Constitution.