DECISION
{¶ 1} Appellant, Kevin Eble, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, sustaining the motion of appellee, Bruce Emery, to modify, extend, or dismiss the civil protection order ("CPO") previously entered by the court upon the petition of appellant. Appellee's motion stated that the reason for the request to modify or dismiss the civil protection order was "to keep Kevin Eble from contacting harassing me my family because the order allows him to continually contact me and harass me without being able to defend myself."
 {¶ 2} The matter was set for hearing before the trial court, but only Emery appeared pro se with a witness. The trial court's July 31, 2006 decision and entry notes *Page 2 
that "Petitioner, who was duly served, failed to appear for the hearing." After receiving the evidence, the trial court entered an order that the "Civil Protection Order is modified to reflect an end date of July 27, 2006." However, this judgment and entry was vacated by a later judgment entry filed on August 3, 2006, stating that, "since the July 26, 2006 hearing, it has come to the Court's attention that Petitioner was never properly served with the June 15, 2006 Motion." Accordingly, the trial court ordered the July 31, 2006 decision and entry vacated and set the matter "for a full hearing on September 5, 2006 at 9:00 a.m." There is a another decision and entry of the trial court filed on September 6, 2006, stating that the motion to modify the civil protection order was heard on September 5, 2006, and the trial court ordered that appellant's civil protection order petition be dismissed for the reasons that: "Respondent presented (uncontroverted) evidence to the Court of more than 100 telephone calls Petitioner placed to Respondent on 2 days. As Petitioner clearly does not respect the CPO or fear threat of harm from Respondent and has no intention of availing himself of the protections afforded by ORC 3113.31, this court has no alternative but to dismiss the CPO to avoid Respondent being unfairly prosecuted pursuant thereto."
 {¶ 3} It is from this judgment that appellant appeals and raises two assignments of error, as follows:
 I. The Court's dismissal of the Civil Protection Order without a full evidentiary hearing transcribed by a court stenographer violated R.C. 3131.31 and appellant's right to procedural due process.
 II. The Court erred in dismissing the Appellant's Civil Protection Order. The dismissal was against the manifest weight of the evidence. *Page 3 
 {¶ 4} The first assignment of error raises the reason why this appeal is not properly before the court because appellant did not comply with the appellate rules. App.R. 9 requires that the party appealing a judgment of a court must cause the record of that case to be transmitted to the court of appeals. Failure to do so is grounds for a dismissal of the appeal. As the first assignment of error suggests, appellant did not cause a transcript of the proceedings to be transmitted to this court for consideration upon the appeal. In fact, the record indicates that appellant failed to seek the alternative means provided to present to the court of appeals that which was presented to the trial court. Rather, appellant contends that the civil protection order should not have been dismissed without a full evidentiary hearing transcribed by a court stenographer. However, there is no requirement that a court stenographer be present to record what occurs at every hearing. In this case, the record is unclear whether a court reporter was present at the hearing or whether appellant merely failed to have the transcript prepared by the court reporter. In his appellate brief, appellant states that: "Appellant contends that it was error to dismiss his Civil Protection Order without a full hearing. Appellant was not given an opportunity to refute the evidence, which was not properly identified and labeled." The trial court's recitation in the judgment and entry which dismissed his civil protection order indicates to the contrary. What the order indicates is that appellee's evidence was "uncontroverted."
 {¶ 5} Even more important, appellant has failed to avail himself of the procedures provided by the appellate rules in a case where a transcript of proceedings recorded by a court reporter is not available. App.R. 9(C) and (D) provides several methods by which an appellant may obtain a record of the proceedings before the trial court, including a *Page 4 
statement of the evidence presented before that court. However, App.R. 9(D) requires that the appellant first present to the trial court either an agreed statement of the proceedings including the evidence or a verified statement of what appellant contends the proceedings consisted of, and that these must be submitted to the trial court for approval. Appellant failed to do so and, thus, has failed to present to this court any grounds whatsoever for reversal of the trial court's judgment.
 {¶ 6} Furthermore, in light of appellant's failure to properly bring these issues before the court either by transcript of proceedings or an App.R. 9(D) substitute for a transcript of proceedings, this court will accept as accurate the recitals of the trial court in its decision and entry.
 {¶ 7} Even assuming that appellant had originally obtained a valid civil protection order, there still is no merit to his contention that the trial court erred in terminating the previously-issued civil protection order and in dismissing appellant's petition. In addition, it appears that the original CPO may have expired during the pendency of this appeal. The first assignment of error is not well-taken.
 {¶ 8} By his second assignment of error, appellant contends that the trial court dismissal of the previously-issued civil protection order was against the manifest weight of the evidence.
 {¶ 9} For the same reasons stated above with respect to the first assignment of error, failure of appellant to present a proper record to this court in order to review the evidentiary finding, this assignment of error cannot be considered. Without a transcript of proceedings or a App.R. 9(D) substitute therefor, there is no basis upon which this court can make any finding with respect to the evidence. It is appellant's failure to comply with *Page 5 
the rules that prevents this court from making a determination as to the manifest weight of the evidence. In fact, the record does not reflect whether a court reporter was present at the hearing, nor whether the proceedings were otherwise recorded. Although he did file an "order" for a transcript of proceedings, he did not cause a transcript to be filed (see App.R. 9[B] and 10[A]) with the trial court (and transmitted to this court), even though represented by counsel who filed the notice of appeal. There was total failure by appellant properly to present his appeal to this court. Also, there is nothing in the record to show that appellant gave the order to the court reporter, if any. The second assignment of error is not well-taken.
 {¶ 10} For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
 KLATT and McGRATH, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1