[Cite as *In re C.B.*, 2017-Ohio-4413.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In Re:  C.B., | : | **No. 17AP-142** |
| (C.L., | : | (C.P.C. No. 17DV-000115) |
| Appellant). | : | (ACCELERATED CALENDAR) |
| | : | |

D E C I S I O N

Rendered on June 20, 2017

**On brief:** *C.L.,* pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

HORTON, J.

{¶ 1} Petitioner-appellant, C.L. ("mother"), pro se, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch,  denying mother's petition for a Civil Protection Order ("CPO") in favor of her and her son, C.B. ("minor child"), against respondent-appellee, T.B. ("father").  Father did not file an appellee's brief in this action.  For the following reasons, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On January 26, 2017, mother filed a petition for a CPO against father, on behalf of herself and the minor child. On the same date, the trial court denied mother's ex-parte petition for a CPO, but ordered that the request for a CPO be set for a full hearing. On February 8, 2017, the trial court referred this matter to a magistrate to conduct the hearing and issue a decision. On February 10, 2017, the magistrate held a full hearing in which mother, father, and the Guardian ad litem testified.

{¶ 3} On February 14, 2017, the magistrate found that:

> [T]he Petitioner has not proven, by a preponderance of the evidence, that the respondent has (1) attempted to cause or recklessly causing bodily injury, (2) placed another person by the threat of force in fear of imminent serious physical harm or committing a violation of R.C. 2903.211 or 2911.211, (3) committed any act with respect to a child that would result in the child being an abused child as defined in R.C. 2151.031, (4) committed a sexually oriented offense. R.C. 3113.31(A)(l), and/or (5) there is no evidence that a civil protection order is necessary fair and/or equitable.
>
> It is hereby ORDERED that the petition is denied.

(Mag.'s Decision at 1.)

{¶ 4} On the same date, the trial court adopted the magistrate's decision as the judgment of the court. (Jgmt. Entry at 1.) On February 23, 2017, mother filed a notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Mother's three assignments of error are lengthy and difficult to follow. However, in light of our holding, we will briefly summarize. Mother's assignments of error allege that the trial court or magistrate erred by: (1) previously awarding custody of the minor child to father and unduly limiting her visitation rights, (2) the trial court and/or the father falsifying court documents and committing perjury, and (3) ruling in favor of father.

## III. DISCUSSION

{¶ 6} We note that, in regards to the court's entry of February 14, 2017, the transcript of the evidentiary hearing of February 10, 2017 is not included in the record. In *Pullman Power Prods. Corp. v. Adience, Inc.*, 10th Dist. No. 02AP-493, 2003-Ohio-956, ¶ 14, we stated:

> An appellant must "* * * identify in the record the error on which the assignment of error is based * * *." App.R. 12(A)(2); *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. An appellant bears the burden of ensuring that a reviewing court has all the materials necessary to enable it to review the trial court's determination * * *. See App.R. 9 and 10; *Ham v. Park* (1996), 110 Ohio App.3d 803, 809, 675 N.E.2d 505; *Hildebrecht v. Kallay* (June 11, 1993),

> Lake App. No. 92- L-189, 1993 Ohio App. LEXIS 2966. "When portions of the [record] necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp*, supra.

{¶ 7}   In the instant case, mother has failed to provide this court with an adequate record to determine the merits of her appeal as it pertains to the court's entry of February 14, 2017. In the absence of an adequate record, this court must presume the regularity of the trial court's actions. *See Pullman Power Prods. Corp.* at ¶ 15. For the foregoing reason, mother's assignments of error are overruled.

## IV. DISPOSITION

{¶ 8}   Having overruled appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

DORRIAN, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

———————————————