[Cite as *Parker v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-7415.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Vincent A. Parker,                :

        Plaintiff-Appellant,        :

v.                                   :              No. 16AP-615
                                           (Ct. of Cl. No. 2013-00154)

Ohio Department of Rehabilitation and    :
Correction,                                         (REGULAR CALENDAR)

                                                      :

        Defendant-Appellee.       :

                                                        :

D E C I S I O N

Rendered on August 31, 2017

**On brief:** *Vincent Parker*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Stacy Hannan*, for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, P.J.

{¶ 1} Vincent A. Parker is appealing from the judgment of the Court of Claims of Ohio which awarded him $210.60 as a result of the loss of his legal footlocker. He assigns four errors for our consideration:

> [I.] The trial court committed plain error when it re-litigated an issue that had already been decided in a prior action.
>
> [II.] The trial court abused it's discretion when it adopted the defendant's objection, without allowing plaintiff the opportunity to reply pursuant to Local Court [of] Claims Rule 4(C), in violation of due process of law.
>
> [III.] The trial court abused it's discretion when it adopted defendant's objections, which were mere allegations and denials, over a sworn affidavit.

> [IV.] The trial court abused it's discretion when it adopted the defendant's objections and accepted their argument when it was not supported by legal authority.

{¶ 2}   Parker claimed that he had two footlockers before he was transferred between prisons.  Eventually one of the two was lost.  The Court of Claims decided that the Ohio Department of Rehabilitation and Correction ("ODRC") was responsible for the loss of one of the footlockers, but awarded Parker less money than Parker wanted.  Hence he has appealed.

{¶ 3}   We have no transcripts from the trial of this case.  We do have an App.R. 9(C) statement.  Parker submitted an affidavit of evidence which he hoped would be adopted by the trial court.  Counsel for ODRC objected to the affidavit being so used.  The trial court, as required by App.R. 9, settled the issues and adopted an official App.R. 9(C) statement which has been provided in the record before us.  The trial court is under significant pressure to settle the issues related to App.R. 9(C) promptly because the appellate rule contemplates that the App.R. 9(C) statement will not delay the transmission of the trial court record.  App.R. 9(C) does not provide for a reply from an appellant after an appellee has objected to the appellant's proffered statement of evidence.  In theory, the trial court has direct and personal knowledge of the evidence presented at the trial and will use that knowledge in settling the statement.  Again in theory, the trial court does not adopt objections, but can consider the objections when adopting the App.R. 9(C) statement.

{¶ 4}   Turning to some of the individual assignments of error, the trial court is not literally addressing a motion when it addresses App.R. 9(C).  Parker had no right to reply to the allegations set forth in the objection filed on behalf of ODRC.  Parker's position was supposed to be contained in his initial filing.  Local Court of Claims Rule 4(C) addresses motions, not App.R. 9(C) situations.

{¶ 5}   The second assignment of error is overruled.

{¶ 6}   The trial court does not literally adopt objections but settles the record as to the evidence which will be before a court of appeals.  The trial court does not weigh the

positions of the respective parties, but attempts to provide the evidence that was presented in open court for the benefit of the appellate review.

{¶ 7}  We cannot find reversible error based on the App.R. 9(C) statement provided to us.

{¶ 8}  The third assignment of error is overruled.

{¶ 9}  App.R. 9(C) addresses the evidence presented to the trial court.  The issue of legal authority is addressed by the appellate court with a de novo standard.  Stated differently, we start all over on issues of law.  We are not bound by the trial court's view of legal issues.  The trial court's view of legal issues cannot constitute reversible error, given our independent review of such issues.

{¶ 10}  The fourth assignment of error is overruled.

{¶ 11}  The record before us does not reflect that a final judgment had been issued prior to the trial court deciding that Parker was only entitled to $210.63 for the loss of his footlocker.  No final order had been entered as to whether the contents of the footlocker included contraband for which Parker was not entitled to compensation.  As a result, the doctrines of res judicata and collateral estoppel do not come into play.

{¶ 12}  Stated perhaps more clearly, for purposes of liability, the contents of the footlocker were not proved to be completely contraband.  For purposes of damages, some could be viewed to constitute contraband.

{¶ 13}  The first assignment of error is overruled.

{¶ 14}  All four assignments of error having been overruled, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

————————