[Cite as *C.L. v. T.B.*, 2018-Ohio-1074.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [C.L.], | : | |
| Petitioner-Appellant, | : | No. 17AP-813 |
| | | (C.P.C. No. 17DV-1617) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| [T.B.], | : | |
| Respondent-Appellee. | : | |

## D E C I S I O N

### Rendered on March 23, 2018

**On brief:** *C.L.*, pro se. **Argued:** *C.L.*

**APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch**

LUPER SCHUSTER, J.

{¶ 1} Petitioner-appellant, C.L., pro se, appeals from an entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, denying C.L.'s petition for a civil protection order ("CPO") against respondent-appellee, T.B. T.B. did not file a brief in this action. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On November 6, 2017, C.L. filed a petition for a CPO against T.B., the father of her minor child. That same day, the trial court granted C.L. a temporary ex parte CPO effective until the full hearing on C.L.'s petition, scheduled for November 15, 2017.

{¶ 3} On November 15, 2017, the trial court conducted a full hearing, and both C.L. and T.B. appeared without counsel. Following the hearing, the trial court concluded C.L. did not prove, by a preponderance of the evidence, that T.B. committed any of the acts necessary to support granting a CPO under R.C. 3113.31. Thus, the trial court denied C.L.'s

petition for a CPO, journalizing its decision in a November 15, 2017 entry. C.L. timely appeals.

## II.  Assignments of Error

{¶ 4}  C.L. assigns the following errors for our review:

[1.] The Judge allowed me to be threatened by a man that answered yes to her asking if he threatened me, it was a protection order hearing 17DV-11-1617 on November 15, 2017, and it is overdue needed with the complete psychopathic threat and predator that he has been.

[2.] A document entry decision that the Judge falsified and Magistrate [ ] and the Guardian ad litem carried out is the error made that we are unable to fathom.

[3.] Judge [ ], Magistrate [ ], and the Guardian ad litem have to do with perjury and falsifying documents. Those same mentioned and Magistrate [ ] have to do with endangering.

(Sic passim.)

## III.  Analysis

{¶ 5}  C.L.'s three assignments of error are interrelated and we address them jointly. Taken together, C.L.'s assignments of error assert the trial court erred when it denied her petition for a CPO against T.B. Generally, the decision of whether or not to grant a CPO lies within the sound discretion of the trial court. *Martin v. Martin*, 10th Dist. No. 13AP-171, 2013-Ohio-5703, ¶ 6, citing *Daughtry v. Daughtry*, 10th Dist. No. 11AP-59, 2011-Ohio-4210, ¶ 5. An abuse of discretion connotes a decision that was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 6}  "The 'statutory criterion to determine whether or not to grant a [CPO] pursuant to R.C. 3113.31 is the existence or threatened existence of domestic violence.' " *J.R. v. E.H.*, 10th Dist. No. 16AP-431, 2017-Ohio-516, ¶ 15, quoting *Thomas v. Thomas*, 44 Ohio App.3d 6, 8 (10th Dist.1988). To the extent C.L. intends to challenge the trial court's factual conclusions regarding C.L.'s allegations of threatened domestic violence, we note that C.L. did not provide this court with a transcript of the trial court's evidentiary hearing of November 15, 2017.

{¶ 7}  "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142,

2004-Ohio-6110, ¶ 13.  Thus, C.L. had the responsibility to provide a transcript of the trial court proceedings because C.L. bears the burden of showing error by reference to matters in the record.  *Kidane v. Gezahegn*, 10th Dist. No. 14AP-892, 2015-Ohio-2662, ¶ 10, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988).  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 8}  Here, the absence of a transcript prevents us from discerning whether C.L. introduced any evidence substantiating her claims.  Thus, because we lack the means to assess C.L.'s argument, we must presume that no error occurred.  *Kidane* at ¶ 11 (concluding the appellate court could not assess the validity of the appellant's arguments that the trial court overlooked evidence of child abuse in denying a CPO because the appellant did not file a transcript on appeal).

{¶ 9}  We are mindful that C.L. attached to her brief various email and text message correspondences alleged to be between herself and T.B. in an effort to demonstrate T.B.'s threatening behavior.  "However, '[a]n exhibit merely appended to an appellate brief is not part of the record, and we may not consider it in determining the appeal.' " *Kidane* at ¶ 12, quoting *Cashlink, LLC v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-5906, ¶ 8. Consequently, we must exclude these materials from our review.

{¶ 10} Because C.L. did not provide this court with an evidentiary transcript of the proceedings before the trial court, we must reject the arguments made in her three assignments of error.  Therefore, we overrule C.L.'s first, second, and third assignments of error.

## IV.  Disposition

{¶ 11} Based on the foregoing reasons, the trial court did not abuse its discretion in denying C.L.'s petition for a CPO.  Having overruled C.L.'s three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.