[Cite as *C.L. v. T.B.*, 2019-Ohio-1864.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [C.L.], | : | |
| Petitioner-Appellant, | : | |
| | | No. 18AP-887 |
| v. | : | (C.P.C. No. 18DV-1663) |
| [T.B.], | : | (ACCELERATED CALENDAR) |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on May 14, 2019

**On brief:** *C.L.,* pro se.

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations, Juvenile Branch

PER CURIAM.

{¶ 1} Petitioner-appellant, C.L., appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch that denied her petition for a civil protective order. Because the record contains no transcript of the hearing that the trial court held on C.L.'s petition, we must overrule her assignments of error and affirm the judgment of the trial court.

{¶ 2} On October 15, 2018, C.L. filed a pro se petition seeking an ex parte domestic violence protection order against T.B under R.C. 3113.31(D). In the addendum to the petition, C.L. alleged that T.B. had threatened and physically assaulted their child and threatened her; she also alleged that the child's guardian ad litem had not acted after hearing recordings of threats T.B. had made, and that the guardian ad litem had falsified documents and perjured herself before the trial court. (Oct. 15, 2018 Petition.)

{¶ 3} After a hearing, the trial court denied the petition. The trial court's entry stated: "Based upon testimony of Petitioner, the Court finds that the Petitioner has not

proven, by a preponderance of the evidence, that Respondent committed any of the acts necessary to support relief pursuant to Ohio Revised Code §3113.31." (Oct. 16, 2018 Entry.)

{¶ 4}   C.L. filed a timely notice of appeal. Under App.R. 16(A), an assignment of error must identify "the place in the record where each error is reflected." Although the assignments of error asserted by C.L. do not comply with this requirement, we construe them all as asserting that the trial court erred in its decision denying her petition for a civil protection order under R.C. 3113.31. *See, e.g., State ex rel. Becker v. Ohio State Hwy. Patrol*, 10th Dist. No. 02AP-918, 2003-Ohio-1450, ¶ 15 (construing various arguments as an assignment of error challenging an entry of judgment on the pleadings in the "interests of justice" where pro se appellant failed to conform to requirements of App.R. 16(A)). We have reviewed C.L.'s brief and its attachments (some going back a period of years).

{¶ 5}   "When granting a protection order [under R.C. 3113.31(D)], the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." *Felton v. Felton*, 79 Ohio St.3d 34 (1997), paragraph two of the syllabus. Because a trial court may only issue an ex parte protection order under R.C. 3113.31(D) if a preponderance of the evidence demonstrates the danger of domestic violence, C.L. must point to evidence in the record that shows she met this burden in order to demonstrate that the trial court erred.

{¶ 6}   As with some of C.L.'s appeals previously to this court, however, she has not provided a transcript of the trial court's hearing on her petition. *See, e.g., C.L. v. T.B.*, 10th Dist. No. 17AP-813, 2018-Ohio-1074, ¶ 7-8 ("C.L. had the responsibility to provide a transcript of the trial court proceedings because C.L. bears the burden of showing error by reference to matters in the record * * * the absence of a transcript prevents us from discerning whether C.L. introduced any evidence substantiating her claims"); *In re C.B.*, 10th Dist. No. 17AP-142, 2017-Ohio-4413, ¶ 7 ("mother has failed to provide this court with an adequate record to determine the merits of her appeal as it pertains to the court's entry of February 14, 2017").

{¶ 7}   Our review of a trial court's decision to grant or deny a civil protection order is governed by an abuse of discretion standard. *Parrish v. Parrish*, 95 Ohio St.3d 1201, 1204 (2002). If there is no transcript of the proceedings in the record, "there is no basis upon which this court can make any finding with respect to the evidence." *Eble v. Emery*, 10th

Dist. No. 06AP-1007, 2007-Ohio-4857, ¶ 9 (affirming the dismissal of a civil protection order where the appellant failed to "cause a transcript of the proceedings to be transmitted to this court"). Again, it is the obligation of an appellant to provide the appellate court with a transcript of the proceedings in the trial court. App.R. 9(B); *C.L. v. T.B.* at ¶ 7; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Without a transcript to review the proceedings before the trial court, an appellate court must "presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199.

{¶ 8} Without an adequate record, we are compelled to presume the regularity of the trial court's actions. We overrule the assignments of error, and affirm the judgment of the trial court.

*Judgment affirmed.*

KLATT, P.J., DORRIAN, J. and NELSON, J., concur.

————————————