[Cite as *E.C. v. R.C.*, 2020-Ohio-1520.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [E.C.], | : | |
| Petitioner-Appellee, | : | |
| | | No. 19AP-659 |
| v. | : | (C.P.C. No. 19DV-1936) |
| [R.C.], | : | (REGULAR CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on April 16, 2020

**On brief**: *R.C.*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BRUNNER, J.

{¶ 1} Respondent-appellant, R.C., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch that was entered on September 25, 2019, granting the petition of petitioner-appellee, E.C., for a domestic violence civil protection order ("CPO"). For the reasons stated below, we affirm the trial court's decision.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} At the time this matter arose, R.C. and E.C. had been married for more than 13 years and were the natural parents of 6 minor children. In April 2019, E.C. separated from R.C. E.C. and the minor children moved from the home they shared with R.C. and went to stay with a relative of E.C.

{¶ 3} On September 18, 2019, E.C., pro se, filed for and was granted an ex parte temporary CPO against R.C. under R.C. 3113.31. In the addendum to her petition, E.C. alleged:

> [R.C.] has most recently sent threatning texts msg., popping up where I live at 1 am – 3 am, intruding into the house. I have had to call the police recently when he came through our front room window. He has a history of physically abusing me. He most recently smacked me so hard my ear drum busted. His behavior has been erratic and uncontrollable. I have filed a BOLD with my job as a security measure. He no control and I fear what he may do to hurt me.

(Sic passim.) (Sept. 18, 2019 Addendum to Petition for CPO.) The same day, the trial court set the matter for a full hearing on September 25, 2019.

{¶ 4} The record before us shows that E.C., pro se, and R.C., pro se, appeared for the scheduled hearing. On that date, the trial court granted a five-year consent agreement and domestic violence CPO, signed by both the parties.[1] Immediately above the lines on which the parties affixed their signatures there is a pre-printed statement: "I have read this Consent Agreement and Civil Protection Order and agree to its terms." (Sept. 25, 2019 Consent Agreement.) The consent agreement also contained a notice of final appealable order and service was acknowledged as of the date the parties signed the consent agreement, all pursuant to Civ.R. 65.1(C)(3).

{¶ 5} R.C. has filed a pro se appeal from the judgment of the trial court.

## II. ASSIGNMENTS OF ERROR

{¶ 6} R.C. presents three assignments of error for our review.

> [1.] "The trial court erred as a matter of law and to the prejudice of appellant in issuing a civil protection order allegedly pursuant to [R.C.] 3113.31[.]"
>
> [2.] Appellant argues the court inpoperly reiled on hearsay statements offred by appellee.
>
> [3.] I was not given a fair, impartial trail; I was denied the right of, counsel, whit the accustomed incidents of consultation and the opportunity of preparation for trial. Pursuant to Sixth Amendement.

(Sic passim.)

---

[1] We note a typographical error on page 1 of the Consent Agreement and Domestic Violence Civil Protection Order, which indicates that the order is effective through September 18, 2025, a period of six years from the date the trial court issued the ex parte protection order. That date, however, is followed by the statement, "(DATE CERTAIN – FIVE YEARS MAXIMUM)." (Sept. 25, 2019 Consent Agreement.) The correct date of September 18, 2024 is set forth in paragraph 23 on page 5 of the Consent Agreement and Order.

## III.  LAW AND DISCUSSION

### A.  Standard of Review

{¶ 7}   In granting a CPO, "the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." *Felton v. Felton*, 79 Ohio St.3d 34 (1997), paragraph two of the syllabus.  "This court's review of a trial court's decision granting or denying a protection order 'is governed by an abuse of discretion standard.' " *Austin v. Austin*, 10th Dist. No. 19AP-194, 2019-Ohio-4023, ¶ 6, quoting *C.L. v. T.B.*, 10th Dist. No. 18AP-887, 2019-Ohio-1864, ¶ 7.

### B.  Assignments of Error

{¶ 8}   In his pro se brief, R.C. argues that the trial court abused its discretion when it believed E.C.'s allegations over his denials.  Further, he contends that E.C. failed to demonstrate by a preponderance of the evidence that she was in danger of domestic violence as defined in R.C. 3113.31.  Finally, R.C. argues that he was not given a fair and impartial trial and was denied the right to counsel.  He asserts that "the trial court was misled by the malicious prosecution and abuse of process from [E.C.] which intentionally concealed the totality of the circumstances pertaining to this case."  (R.C.'s Brief at 9.)

{¶ 9}   We address R.C.'s assignments of error together.

{¶ 10}   Despite R.C.'s contention that the trial court erred in granting E.C.'s petition, we are unable to review the merits of his assignments of error because he has failed to provide this Court with a transcript of the proceedings on the petition.  Additionally, R.C. "has 'failed to avail himself of the procedures provided by the appellate rules in a case where a transcript of proceedings recorded by a court reporter is not available,' including the methods provided under App.R. 9(C) and (D)." *Austin* at ¶ 7, quoting *Eble v. Emery*, 10th Dist. No. 06AP-1007, 2007-Ohio-4857, ¶ 5 (appellant could not demonstrate abuse of discretion by trial court in ruling on CPO where appellant failed to file proper record or statement on appeal pursuant to App.R. 9(C) and (D)).

{¶ 11}   In the absence of an adequate record, we are required by law to "presume the regularity of the trial court's actions." *C.L.* at ¶ 8.  Accordingly, we overrule R.C.'s three assignments of error.

## IV.   CONCLUSION

{¶ 12} For the foregoing reasons, we find that the trial court did not abuse its discretion in granting E.C.'s petition for a CPO. R.C.'s assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is affirmed.

*Judgment affirmed.*

BROWN and BEATTY BLUNT, JJ., concur.