[Cite as *R.S v. S.S.*, 2021-Ohio-1384.]

IN THE COURT OF APPEALS OF OHIO

TENExibilityH APPELLATE DISTRICT

| | | |
|---|---|---|
| [R.S.], | : | |
| Petitioner-Appellee, | : | No. 20AP-409 |
| | | (C.P.C. No. 20DV-1248) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| [S.S.], | : | |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on April 20, 2021

**On brief:** *S.S.*, pro se. **Argued:** *S.S.*

**On brief:** *R.S.*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

PER CURIAM.

{¶ 1} Respondent-appellant, S.S., appeals the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which granted the appellee's petition for a Domestic Violence Civil Protection Order pursuant to R.C. 3113.31.

{¶ 2} On July 23, 2020, appellee, R.S., filed a petition requesting the trial court to issue a Domestic Violence Civil Protection Order, and the court issued a temporary order ex parte that same date. Appellant was personally served with a copy of the temporary order by a deputy sheriff on August 11, 2020. The court held a full hearing on appellant's petition on September 1, 2020. The court made findings of fact, granted the petition, and issued a five-year protection order on that date.

{¶ 3} Appellant subsequently filed this appeal of the trial court's protection order, and in a brief has asserted four assignments of error, all of which take issue with the trial

court's findings of fact in support of the protection order. We observe, however, that appellant has failed to ensure that a transcript of the hearing was prepared and filed with this court for our review.

{¶ 4}   Our review of a trial court's decision to grant or deny a civil protection order is governed by an abuse of discretion standard. *Parrish v. Parrish*, 95 Ohio St.3d 1201, 1204 (2002). But if there is no transcript of the proceedings in the record, "there is no basis upon which this court can make any finding with respect to the evidence." *Eble v. Emery*, 10th Dist. No. 06AP-1007, 2007-Ohio-4857, ¶ 9 (affirming the dismissal of a civil protection order where the appellant failed to "cause a transcript of the proceedings to be transmitted to this court"). It is the obligation of an appellant to provide the appellate court with a transcript of the proceedings in the trial court. *See* App.R. 9(B) and *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Without a transcript to review the proceedings before the trial court, an appellate court must "presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199.

{¶ 5}   Lacking an adequate record, we have no choice but to presume the regularity of the trial court's actions. We overrule appellant's assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

SADLER, LUPER SCHUSTER, and BEATTY BLUNT, JJ., concur.

———————————