[Cite as *Martin v. Buss*, 2022-Ohio-3930.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Laura Martin, | : | |
| Petitioner-Appellee, | : | |
| | : | No. 22AP-248 |
| v. | : | (C.P.C. No. 22DV-382) |
| Kellen Buss, | : | (REGULAR CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on November 3, 2022

**On brief:** *The Schodzinski Law Firm*, *LLC*, and *Laken L. Schodzinski*, for appellee.

**On brief:** *Law Office of Owen Kalis*, and *Owen D. Kalis*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, J.

{¶ 1} Respondent-appellant, Kellen Buss, appeals the April 13, 2022 order of the Franklin County Court of Common Pleas, Division of Domestic Relations, which granted the petition for a Dating Violence Civil Protection Order ("CPO") pursuant to R.C. 3113.31 filed by petitioner-appellee, Lauren Martin. The record contains no transcript of the trial court's hearing on the petition, and appellant's failure to properly ensure the attachment of an adequate record for our review compels us to presume the regularity of the trial court's actions. Therefore, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} On March 7, 2022, appellee filed a petition requesting the trial court issue a CPO and the trial court issued a temporary order ex parte that same day. Appellant was personally served with a copy of the temporary order by a deputy sheriff and was also served

with notice of the date of a full hearing, which was ultimately held April 13, 2022 after appellant filed a request for a continuance. The trial court determined the order was equitable, fair, and necessary to protect appellee and appellee's child from dating violence. Therefore, the trial court granted the petition and issued a two-year CPO on April 13, 2022.

## II. Assignment of Error

{¶ 3} Appellant timely appealed and assigns the following sole assignment of error for our review:

> THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THERE WAS INSUFFICIENT EVIDENCE OF IMMINENT SERIOUS PHYSICAL HARM TO SUPPORT AN EXTENSION OF THE CIVIL PROTECTION ORDER.

## III. Standard of Review

{¶ 4} The decision to grant or deny a CPO pursuant to R.C. 3113.31 generally lies within the sound discretion of the trial court. *C.W. v. J.S.*, 10th Dist. No. 21AP-284, 2022-Ohio-1951, ¶ 28, citing *J.S. v. L.S.*, 10th Dist. No. 19AP-400, 2020-Ohio-1135, ¶ 15, citing *Martin v. Martin*, 10th Dist. No. 13AP-171, 2013-Ohio-5703, ¶ 6.

{¶ 5} An appellate court reviews whether a trial court properly granted a CPO by determining "whether sufficient, credible evidence supports a finding that the respondent had engaged in acts or threats of domestic violence." (Internal quotations omitted.) *Peterson v. Butikofer*, 10th Dist. No. 18AP-634, 2019-Ohio-2456, ¶ 39, quoting *Fleckner v. Fleckner*, 177 Ohio App.3d 706, 2008-Ohio-4000, ¶ 15 (10th Dist.), quoting *Kabeer v. Purakaloth*, 10th Dist. No. 05AP-1122, 2006-Ohio-3584, ¶ 7.

{¶ 6} "If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." App.R. 9(B)(4).

{¶ 7} Appellant has the responsibility to provide an evidentiary transcript of the proceedings because appellant bears the burden of showing any error by "reference to matters in the record." *C.L v. T.B.*, 10th Dist. No. 17AP-813, 2018-Ohio-1074, ¶ 7, citing *Kidane v. Gezahegn*, 10th Dist. No. 14AP-892, 2015-Ohio-2662, ¶ 10, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988).

{¶ 8} Without a transcript of proceedings, or an adequate substitute allowed under App.R. 9, " 'there is no basis upon which this court can make any finding with respect to the evidence.' " *C.L. v. T.B.*, 10th Dist. No. 18AP-887, 2019-Ohio-1864, ¶ 7, quoting *Eble v. Emery*, 10th Dist. No. 06AP-1007, 2007-Ohio-4857, ¶ 9.

## IV. Analysis

{¶ 9} Under his sole assignment of error, appellant contends the trial court erred in granting appellee's petition for a CPO because appellee presented insufficient evidence that she was in fear of imminent physical harm. While appellant raises an issue concerning the sufficiency of evidence, appellant has failed to include a transcript of the trial court's hearing on appellee's petition. Appellant has attached an affidavit to his brief, but he did not file the affidavit with the trial court for approval or provide notice to appellee of the affidavit.

{¶ 10} An appellant maintains an obligation to provide the appellate court with a transcript of the proceedings which occurred in the trial court. *See* App.R. 9(B) and *R.S. v. S.S.*, 10th Dist. No. 20AP-409, 2021-Ohio-1384, ¶ 4. "[P]ursuant to App.R. 10(A), the appellant is [also] required to 'take any other action reasonably necessary to enable the clerk to assemble and transmit the record.' " *State v. Justice*, 10th Dist. No. 21AP-253, 2022-Ohio-87, ¶ 4.

{¶ 11} If no recording was made or a transcript is unavailable, appellant can offer a prepared "statement of the evidence or proceedings from the best available means, including the appellant's recollection." App.R. 9(C). App.R. 9(C)(1) states:

> If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10 and the appellee may serve on the appellant objections or propose amendments to the statement within ten days after service of the appellant's statement; these time periods may be extended by the court of appeals for good cause. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10,

and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

{¶ 12} Affidavits are allowable statements of evidence but must be served upon the appellee and submitted to the trial court to resolve any objections from appellee, settle the issues and approve in accordance with App.R. 9(C). *See Eble* at ¶ 9, *see also Parker v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-615, 2017-Ohio-7415, ¶ 3. Here, appellant attempts to use an affidavit to show the trial court erred in finding appellee offered sufficient evidence to show she was in fear of imminent physical harm. To challenge the trial court's findings of fact, appellant must serve the affidavit "on the appellee no later than twenty days prior to the time for transmission of the record." App.R. 9(C). In addition, "[t]he statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval" into the record. App.R. 9(C).

{¶ 13} This court has consistently held that failure to file a transcript or a statement of evidence as required under App.R. 9 results in our having to presume the regularity of the trial court's actions. *See C.L.*, 2018-Ohio-1074, at ¶ 7, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see also Nyamusevya v. Nkurunziza*, 10th Dist. No. 10AP-857, 2011-Ohio-2614, ¶ 8; *see also Collier v. Stubbins*, 10th Dist. No. 03AP-553, 2004-Ohio-2819, ¶ 20.

{¶ 14} In the case before us, appellant failed to submit a statement of evidence in accordance with App.R. 9(C). Appellant did not properly serve the affidavit upon appellee, nor did he submit the affidavit to the trial court for approval and inclusion into the record. Instead, appellant merely attached the affidavit to his appellate brief. Therefore, we cannot consider the affidavit as an adequate record for review. Accordingly, we overrule appellant's assignment of error.

## V. Conclusion

{¶ 15} Without an adequate record, we must presume the regularity of the trial court's actions. Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., and KLATT, J., concur.

_____