[Cite as *Martin v. Martin*, 2013-Ohio-5703.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Heather M. Martin, | : | |
| Petitioner-Appellee, | : | |
| | | No. 13AP-171 |
| v. | : | (C.P.C. No. 12DV-06-883) |
| Phillip J. Martin, | : | (REGULAR CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on December 24, 2013

*Capital University Family Advocacy Clinic*, and *Lorie McCaughan*, for appellee.

*Tyack, Blackmore, Liston & Nigh Co., L.P.A.*, and *Thomas M. Tyack*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, J.

{¶ 1} Respondent-appellant, Phillip J. Martin ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a domestic violence civil protection order sought by petitioner-appellee, Heather M. Martin ("appellee"). Because we conclude that the trial court had authority to enter the civil protection order, we affirm.

{¶ 2} On June 13, 2012, after appellee filed a petition for a domestic violence civil protection order, appellant and appellee entered into a domestic violence civil protection order by consent (the "consent CPO"). Under its terms, the consent CPO was effective for six months, until December 13, 2012. On November 20, 2012, appellee, acting pro se, filed

a motion to extend the consent CPO. The trial court scheduled a hearing on the motion to extend for December 3, 2012.

{¶ 3}   On December 3, 2012, appellee filed a motion for continuance of the hearing, asserting that the continuance was needed to perfect service on appellant. The trial court granted the continuance, scheduling the hearing for December 12, 2012. On December 12, 2012, service still had not been perfected. The trial court issued an ex parte domestic violence civil protection order that was effective until December 19, 2012 (the "December 12 ex parte CPO"). The court also scheduled a full hearing for December 19, 2012. At the December 19 hearing, the trial court issued an order and entry continuing the full hearing until February 5, 2013, and ordering that the December 12 ex parte CPO would remain in effect until that hearing (the "December 19 continuance order"). Appellant's counsel appeared at the December 19 hearing and asserted that the trial court lacked jurisdiction to issue the December 19 continuance order.[1]

{¶ 4}   The trial court conducted a full hearing on appellee's motion on February 5, 2013. Appellee appeared and testified at the hearing. Appellant did not appear but was represented by counsel. At the close of that hearing, the trial court issued a domestic violence civil protection order containing the same terms as the consent CPO, including granting appellee exclusive possession of a specified residence (the "final CPO"). The final CPO is effective for five years, until February 5, 2018.

{¶ 5}   Appellant appeals from the trial court's order, assigning three errors for this court's review:

> I. THE TRIAL COURT DOES NOT HAVE THE ABILITY, AFTER THE FILING OF A FINAL ENTRY IN AN ACTION PURSUANT TO §3113.31 OF THE OHIO REVISED CODE, TO GRANT, WITHOUT SERVICE AND WITHOUT HEARING, AN EX PARTE PROTECTIVE ORDER[.]
>
> II. THE TRIAL COURT DOES NOT HAVE AUTHORITY, AFTER A CONSENT AGREEMENT ON A PROTECTIVE ORDER HAS BEEN FILED, TO EXTEND AN EX PARTE ORDER GRANTED AFTER THE CONCLUSION OF A CASE FOR A PERIOD OF 48 DAYS WITHOUT CONDUCTING AN EVIDENTIARY HEARING WHEREIN THE RESPONDENT HAS NOT BEEN SERVED WITH THE ORIGINAL MOTION

---

[1] By that time appellee was also represented by counsel, who appeared at the hearing on December 19, 2012.

TO EXTEND THE AGREED ENTRY AND AFTER THE EXPIRATION OF THE ORIGINAL ORDER HAS ALREADY OCCURRED[.]

III. THE TRIAL COURT ERRED IN CONDUCTING A HEARING ON THE PETITIONER'S MOTION TO EXTEND THE ORIGINAL AGREED[-]UPON ORDER FOR A PERIOD OF 5 YEARS WHERE THE RESPONDENT HAD NOT BEEN SERVED AND THE HEARING WAS CONDUCTED MORE THAN A MONTH AND A HALF AFTER THE UNDERLYING ORDER HAD EXPIRED AND AS A PART THEREOF ERRED IN GRANTING THE PETITIONER EXCLUSIVE POSSESSION OF THE MARITAL RESIDENCE FOR A PERIOD OF 5 YEARS WHEN THE COURT WAS MADE AWARE THAT THE RESPONDENT HAD BEEN GRANTED CUSTODY OF THE PARTIES' MINOR CHILD IN A DIVORCE CASE ALSO PENDING IN THAT COURT[.]

{¶ 6} Generally, this court has held that "[t]he decision whether to grant a civil protection order lies within the sound discretion of the trial court." *Daughtry v. Daughtry*, 10th Dist. No. 11AP-59, 2011-Ohio-4210, ¶ 5, citing *Parrish v. Parrish*, 95 Ohio St.3d 1201, 2002-Ohio-1623. In this case, however, appellant challenges the trial court's authority to issue the December 12 ex parte CPO and the December 19 continuance order, as well as the court's authority to conduct the February 5, 2013 hearing. Based on these challenges, this appeal requires analysis of R.C. 3113.31, the civil domestic violence statute; therefore, we apply a de novo standard. *See Hope Academy v. Ohio Dept. of Edn.*, 10th Dist. No. 07AP-758, 2008-Ohio-4694, ¶ 13 ("In reviewing the legislative enactments and interpreting statutory authority, our review is de novo."); *In re J.D.*, 172 Ohio App.3d 288, 2007-Ohio-3279, ¶ 8 (10th Dist.) ("Because determining whether the juvenile court possessed the necessary statutory authority to place J.D. at Cove Prep is a legal issue, we apply a de novo standard of review.").

{¶ 7} "The General Assembly enacted the domestic violence statutes specifically to criminalize those activities commonly known as domestic violence and to authorize a court to issue protection orders designed to ensure the safety and protection of a complainant in a domestic violence case." *Felton v. Felton*, 79 Ohio St.3d 34, 37 (1997). Accordingly, R.C. 3113.31 authorizes a trial court to issue an ex parte temporary civil protection order where there is an immediate and present danger of domestic violence.

R.C. 3113.31(D)(1). After conducting a full hearing on a petition for a civil protection order, the trial court may issue a civil protection order lasting up to five years. R.C. 3113.31(E)(1), 3113.31(E)(3)(a). The court also may approve a consent agreement between the parties providing for a civil protection order. R.C. 3113.31(E)(1). "[R.C. 3113.31] gives the trial court extensive authority to tailor the domestic violence protection order to the exact situation before it at the time." *Felton* at 38.

{¶ 8} A trial court may modify or terminate a civil protection order or consent agreement, and the statute provides that the petitioner or the respondent may bring a motion for modification or termination. R.C. 3113.31(E)(8). A civil protection order or consent agreement may also be renewed. R.C. 3113.31(E)(3)(c). The statute does not explicitly set forth when a renewal is permitted, but use of the term "renew" suggests the issuance of an additional civil protection order after the expiration of an original order. *See Felton* at 40 (noting that a protection order "can be renewed at the end of the effective period"); *Little v. Little*, 10th Dist. No. 10AP-843, 2011-Ohio-318, ¶ 6 (noting that by the time of the hearing on the petitioner's motion to extend a civil protection order the initial protection order had expired, but that, under R.C. 3113.31(E)(3)(c), a civil protection order may be renewed); *Patton v. Patton*, 5th Dist. No. CT2009-0031, 2010-Ohio-2096, ¶ 3 (noting that petitioner filed a motion to renew a civil protection order seeking an additional five-year order because the original order was set to expire approximately two weeks after the motion was filed); *Hershberger v. Hershberger*, 3d Dist. No. 13-2000-15 (Nov. 8, 2000) ("[T]he petitioner may renew the order once the specified time limit has expired."); *Woolum v. Woolum*, 131 Ohio App.3d 818, 821 (12th Dist.1999) (explaining that petitioner filed a petition to renew a civil protection order under R.C. 3113.31(E)(3)(c) after her original two-year civil protection order expired). *See also Black's Law Dictionary* 1410 (9th Ed.2009) (defining "renewal" as "[t]he act of restoring or reestablishing" or "[t]he re-creation of a legal relationship or the replacement of an old contract with a new contract, as opposed to the mere extension of a previous relationship or contract").

{¶ 9} In this case, appellee filed a motion to extend the consent CPO on November 20, 2012, approximately three weeks before it was set to expire. Although R.C. 3113.31 does not explicitly provide for an "extension" of a civil protection order, it appears

that the trial court initially treated appellee's motion to extend as analogous to a motion for modification under R.C. 3113.31(E)(8).[2] When a motion for modification is filed, "[t]he court shall require notice of the motion to be made as provided by the Rules of Civil Procedure." R.C. 3113.31(E)(8)(b). The trial court scheduled a hearing on the motion to extend for December 3, 2012. On November 20, the same day that the motion was filed and the hearing date was scheduled, appellee filed a request with the clerk of courts for service of the motion and hearing notice on appellant by certified mail. The clerk's office sent copies of the motion and hearing notice by certified mail, but they were ultimately returned unclaimed.

{¶ 10} On December 3, 2012, the trial court granted a motion for continuance of the hearing date until December 12, 2012, to permit appellee to perfect service on appellant. As of December 12, service still had not been perfected on appellant, and the consent CPO was set to expire the following day. This factual context is important when considering the actions of the trial court challenged in this appeal.

{¶ 11} In his first assignment of error, appellant asserts that the trial court lacked authority to issue the December 12 ex parte CPO. As explained above, as of December 12, appellant had not been served with appellee's motion to extend, and the consent CPO would expire the following day. Under these circumstances, it is clear that appellee's motion to extend the consent CPO effectively became a motion to renew the soon-to-expire consent CPO. The civil domestic violence statute states that "[a]ny protection order issued or consent agreement approved pursuant to this section may be renewed in the same manner as the original order or agreement was issued or approved." R.C. 3113.31(E)(3)(c). This provision has been interpreted to mean that "the *procedure* for issuing a renewal order must go forward in the same manner as that for issuing an original protection order." (Emphasis added.) *Little* at ¶ 6, citing *Woolum* at 823. Therefore, under the statute, the trial court was authorized to renew the consent CPO but was required to follow the same procedural requirements necessary for issuing an original civil protection order.

---

[2] This conclusion is reinforced by the fact that appellee's motion to extend, filed pro se, was made using a form document captioned "Motion to Modify, Extend, or Terminate Civil Protection Order" and allowing the moving party to check a box on the form indicating whether she sought a modification, extension, or termination of an order.

{¶ 12} When a petitioner seeks an ex parte civil protection order, the trial court may, for good cause shown, enter any temporary order necessary to protect the petitioner. R.C. 3113.31(D)(1). Although appellee did not expressly request an ex parte order in her motion to extend, she filed the motion approximately three weeks prior to the expiration date of the consent CPO. This demonstrates that appellee sought to avoid a lapse in the protection afforded under the consent CPO. Due to the fact that the consent CPO was scheduled to expire on December 13, 2012, the only way for the trial court to avoid a lapse at the December 12 hearing was to construe appellee's motion as a request for an ex parte order pending a hearing on renewal of the order.

{¶ 13} "Immediate and present danger of domestic violence * * * constitutes good cause" for issuing a temporary ex parte civil protection order.  R.C. 3113.31(D)(1).  In her motion, appellee attested that she feared for the safety of herself and her children, claiming that appellant had previously violated the consent CPO and made death threats. Under the statute, "domestic violence" is defined to include "[p]lacing another person by the threat of force in fear of serious physical harm." R.C. 3113.31(A)(1)(b). As this court has previously ruled, threats of physical harm, including death threats, may constitute a sufficient basis for a civil protection order. *See Nkurunziza v. Nyamusevya*, 10th Dist. No. 10AP-134, 2010-Ohio-5966, ¶ 9 (finding that threats of physical harm, including threats to rape, kill, or hire someone to kill the petitioner, were sufficient to support civil protection order); *Fleckner v. Fleckner*, 177 Ohio App.3d 706, 2008-Ohio-4000, ¶ 21 (10th Dist.) (holding that threats of violence constitute domestic violence for purposes of R.C. 3113.31 if those threats result in reasonable fear).

{¶ 14} In his first assignment of error, appellant does not challenge the sufficiency of the evidence supporting the December 12 ex parte CPO but, rather, challenges the trial court's authority to issue that order; accordingly, we will assume for purposes of analysis that the claims in appellee's motion to extend were sufficient to demonstrate immediate and present danger of domestic violence. R.C. 3113.31(D)(1) authorizes the trial court to issue an ex parte temporary civil protection order based on a showing of immediate and present danger of domestic violence. Under the principle that a trial court may renew a civil protection order following the same procedural requirements as an original order,

the trial court in this case had authority to grant a temporary ex parte civil protection order.

{¶ 15} Accordingly, we overrule appellant's first assignment of error.

{¶ 16} In his second assignment of error, appellant argues that the trial court lacked authority to issue the December 19 continuance order, which continued the matter for a hearing on February 5, 2013 and ordered that the December 12 ex parte CPO would remain in effect until the hearing date. Under the civil domestic violence statute, when a trial court issues an ex parte temporary civil protection order, it is required to schedule a full hearing within seven court days after the ex parte hearing. R.C. 3113.31(D)(2)(a). The statute further provides, however, that, under certain circumstances, the court may grant a continuance of the full hearing "to a reasonable time determined by the court." R.C. 3113.31(D)(2)(a). One of the specified circumstances is where "[t]he continuance is needed for other good cause." R.C. 3113.31(D)(2)(a)(iv).

{¶ 17} In this case, the trial court cited "other good cause" under R.C. 3113.31(D)(2)(a)(iv) as the basis for the December 19 continuance order. Specifically, the court noted that a pending criminal case against appellant constituted good cause for continuing the date of the full hearing on the civil protection order. As explained above, a renewal of a civil protection order is subject to the same procedural requirements as the issuance of an original civil protection order. Therefore, the trial court was required to schedule a full hearing within seven court days of issuing the December 12 ex parte CPO. Likewise, the trial court had authority under the statute to grant a continuance of the full hearing to a reasonable time if it found that one of the circumstances specified under the statute existed. A trial court has discretion when deciding to grant or deny a continuance under R.C. 3113.31(D)(2)(a). *See Butcher v. Stevens*, 182 Ohio App.3d 77, 2009-Ohio-1754, ¶ 9 (4th Dist.).

{¶ 18} Appellant argues generally that the pending criminal charge did not constitute good cause for a two-month continuance but fails to explain specifically why this could not constitute good cause. Appellant also argues that there was no good cause for the December 19 continuance order because he had not been served with the motion to extend or December 12 ex parte CPO. Contrary to appellant's assertion, however, the record indicates that appellee filed an order to serve the motion and December 12 ex parte

CPO, and that, pursuant to that order, a deputy sheriff personally served appellant with those documents on December 17, 2012. Therefore, the record reflects that, when the trial court issued the December 19 continuance order, appellant had been served with the motion to extend and the December 12 ex parte CPO. The trial court had authority under R.C. 3113.31(D)(2)(a) to issue the December 19 continuance order, and appellant has failed to demonstrate that the court abused its discretion in concluding that the pending criminal charges constituted good cause for granting a continuance in this case.

{¶ 19} Accordingly, we overrule appellant's second assignment of error.

{¶ 20} In appellant's third assignment of error, he argues that the trial court lacked authority to conduct the February 5, 2013 hearing. Appellant argues that, because the consent CPO expired two months prior to the hearing, the trial court lacked authority to conduct a hearing on appellee's motion to extend. Appellant claims there is no statutory authorization for extension of a civil protection order after its expiration.

{¶ 21} The civil domestic violence statute does not explicitly provide for extension of an expired civil protection order; however, as explained above, it authorizes a trial court to renew a civil protection order, subject to the same procedural requirements that apply to the issuance of an original order. *See* R.C. 3113.31(E)(3)(c); *Little* at ¶ 6. Under the statute, a full hearing is required before the trial court may enter a final civil protection order. R.C. 3113.31(D)(2)-(3). Therefore, a full hearing is also required before the trial court may enter a final order on a renewed civil protection order. Thus, the trial court had authority under the statute to conduct the February 5, 2013 hearing before entering the final CPO in this case.

{¶ 22} Although the trial court used the terms "extend" and "extension" in issuing its verbal decision at the February 5, 2013 hearing, it is clear that the final CPO was a renewal, not an extension, of the consent CPO. By the time of the February 5, 2013 hearing, the consent CPO had expired under its own terms. Moreover, at the hearing, the court referred to its prior actions in December 2012 as having "essentially granted a new order under the same case number [and] the exact same terms as the parties' voluntary consent agreement." (Tr. 8.) Finally, the final CPO was effective for five years, the maximum period permitted under the statute. R.C. 3113.31(E)(3)(a). If the trial court considered its order an extension of the consent CPO, which lasted six months, then the

final CPO would have exceeded the maximum term permitted by law. Thus, we find that the trial court's references to "extension" of the consent CPO do not change the fact that the proceeding was, in effect, a renewal pursuant to the court's statutory authority under R.C. 3113.31(E)(3)(c).

{¶ 23} Finally, we note that appellant's third assignment of error also asserts that the trial court also "erred in granting the petition or exclusive possession of the marital residence for a period of 5 years when the court was made aware that the respondent had been granted custody of the parties' minor child in a divorce case that was also pending in that court." (Appellant's Brief, 13.) However, appellant's brief contains no argument related to this portion of the third assignment of error. Under App.R. 12(A)(2), if an appellant fails to argue an assignment of error separately in its brief, an appellate court may disregard that assignment of error. Due to the lack of authority and argument in support of this second portion of appellant's third assignment of error, we will consider it to be waived. *See Hamad v. Hamad*, 10th Dist. No. 12AP-617, 2013-Ohio-2212, ¶ 25; *Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 2012-Ohio-4601, ¶ 23 (10th Dist.).

{¶ 24} Accordingly, we overrule appellant's third assignment of error.

{¶ 25} For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

O'GRADY and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____