[Cite as *Friedlander v. Friedlander*, 2014-Ohio-2180.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100245**

## LISA J. FRIEDLANDER

PLAINTIFF-APPELLEE

vs.

## SAMUEL L. FRIEDLANDER

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DV-12-342848

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 22, 2014

**ATTORNEYS FOR APPELLANT**

Joyce E. Barrett
James P. Reddy, Jr.
Law Offices of Joyce E. Barrett
800 Standard Building
1370 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Larry W. Zukerman
Paul B. Daiker
Zukerman, Daiker & Lear
3912 Prospect Ave., East
Cleveland, OH   44115

**Also listed:**
**Guardian Ad Litem**

Barbara A. Belovich
Kronenberg & Belovich Law L.L.C.
635 West Lakeside Avenue
Suite 605
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant Samuel L. Friedlander appeals the judgment of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, that granted a domestic violence civil protection order. For the reasons stated herein, we affirm.

**{¶2}** On July 17, 2012, Lisa J. Friedlander filed a petition for a domestic violence civil protection order ("DVCPO") for herself and her two minor children against Samuel, who was Lisa's then spouse and is the father of the children. The trial court granted the petition after holding an ex parte hearing. Lisa and the two minor children were named as protected persons.

**{¶3}** A full hearing on the petition was held before a court magistrate in September 2012. In December 2012, the parties and the guardian ad litem entered an agreement allowing Samuel supervised visitation with the children.

**{¶4}** The magistrate issued a decision on March 6, 2013, that granted the DVCPO. The magistrate's decision was adopted by the court the same day, but the DVCPO was modified nunc pro tunc by the assigned judge on March 20, 2013, to reinstate Samuel's supervised visitation with the children. Samuel filed objections to the court's adoption of the magistrate's decision, supported by a transcript of the full hearing. Lisa filed an objection to the trial court's nunc pro tunc judgment entry that modified the DVCPO to include supervised visitation for Samuel. The trial court conducted a de novo,

independent review and considered the magistrate's decision, the pleadings, the exhibits, and the complete transcript.

{¶5} A review of the transcript reflects that Lisa testified to incidents occurring on July 6, 2012. On that date, Samuel began grabbing Lisa's arms while she was preparing dinner and called her a "bad mommy." Later that evening, Lisa had both children with her in the bathroom and was bathing her then 16-month-old daughter. She had locked the door because Samuel seemed angry. Samuel obtained a hanger to unlock the door and was yelling at Lisa. He forcefully pulled their three-year-old son out of the bathroom, with the child kicking and screaming for his "mommy," causing minor bruising to the child's arms. He pulled Lisa's hair painfully backward while she was holding their daughter in the tub, nearly causing Lisa to lose her grip of the child, and while in the presence of their son, who had returned to Lisa's side. As Lisa dressed their daughter, Samuel was still in Lisa's face screaming at her.

{¶6} Lisa then headed downstairs to get the children milk. While she was at the top of the stairs with both children in her arms, Samuel was screaming at her and said, "I can push you down right now. It would look like an accident and no one would know." Lisa felt scared for herself and her children.

{¶7} Lisa went down to the kitchen. Samuel inquired about bruising on Lisa's arms, which she attributed to Samuel's grabbing her. With their son present and while Lisa was still holding their daughter, Samuel lunged at Lisa and placed a choke hold around her neck. Lisa testified she told Samuel it hurt and asked him to stop because she

could not breathe, to which Samuel replied, "good." During this incident, Lisa bumped her knee on a counter, causing a bruise. Samuel repeatedly stated, "I will kill you." Their son yelled out the window, "Somebody help. We need help."

{¶8} After Lisa was released, she tried to grab her keys. Samuel pulled Lisa's hair and ripped it backwards while she was still holding their daughter. Lisa feared for her safety, and their daughter was crying.

{¶9} After Lisa went to the car in the garage and buckled in the children, Samuel ran into the garage, got in the car, and grabbed the keys and Lisa's cell phone. Lisa managed to get the keys back and drove around the block with everyone in the car. Samuel continued to yell at Lisa, "I will kill you."

{¶10} Upon returning home, Lisa was able to call for help. The police arrived, and appellant was arrested. Appellant was charged with domestic violence and found guilty of negligent assault.

{¶11} Lisa also testified that prior to July 6, 2012, Samuel had touched her in a physically threatening manner numerous times. He repeatedly strangled her with his thumbs, pulled her hair, kicked her, and called her horrible names in front of the children. One time she bled while using the bathroom after being kicked. There was an incident when Samuel smashed his open hand down on Lisa's nose while she was lying in bed, causing pain and her nose to bleed intermittently throughout the next day. Samuel would grab Lisa's arms hard enough to cause bruising. She testified that an incident occurred on July 4, 2012, while she was driving a car with the children in the back, when Samuel

punched her in the face with his fist, impeding her driving for a moment. The court magistrate sustained an objection to testimony concerning any sexual contact.

{¶12} Samuel's mother testified that she never observed bruising on Lisa's arms and Lisa never informed her of physical abuse or bruising. She also testified to observing a positive relationship between Samuel and the children and to never seeing inappropriate behavior with the children.

{¶13} The trial court found by a preponderance of the evidence that Samuel had committed acts of domestic violence against Lisa and the children, that Lisa and the children were in danger of domestic violence, and that the DVCPO should continue in effect. The court recognized that "each instance of domestic violence against the minor children was incidental to Samuel's acts against Lisa, i.e., that she, and not the children, was the target of his actions." The court found that while the testimony of Samuel's mother contradicted Lisa on some points, Lisa's testimony regarding the incidents of July 4 and 6, 2012, remained uncontroverted. The trial court overruled all objections and adopted the magistrate's decision as modified by the judgment entry nunc pro tunc on March 20, 2013.

{¶14} Samuel timely filed this appeal. This court granted, in part, Samuel's motion for a limited remand for the trial court to enter a modification of the DVCPO to reflect agreements reached between the parties. The trial court issued a judgment entry on January 10, 2014, that modified the DVCPO accordingly.

**{¶15}** The matter is now before us for review. Samuel raises three assignments of error, under which he claims the trial court erred (1) in overruling his objections to the magistrate's decision and finding that he committed acts of domestic violence against Lisa and the minor children, (2) by permitting and considering testimony of alleged prior acts of domestic violence, and (3) by granting a protection order that included the minor children as protected persons.

**{¶16}** A trial court's decision to adopt a magistrate's decision will not be reversed on appeal unless the decision amounts to an abuse of discretion. *In re M.I.S.*, 8th Dist. Cuyahoga No. 98138, 2012-Ohio-5178, ¶ 11. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶17}** "When granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. R.C. 3113.31(D)." *Felton v. Felton*, 79 Ohio St.3d 34, 42, 679 N.E.2d 672 (1997). The decision to grant a civil protection order lies within the sound discretion of the trial court. *Hoyt v. Heindell*, 191 Ohio App.3d 373, 2010-Ohio-6058, 946 N.E.2d 258, ¶ 39 (11th Dist.).

**{¶18}** In his case, the trial court determined, by a preponderance of the evidence, that Lisa and the two minor children are in danger of domestic violence. The trial court found Lisa provided uncontroverted testimony regarding the incidents that occurred on July 6, 2012, in which Samuel pulled Lisa by the hair as she bathed their daughter, made

an implied threat to shove Lisa down a flight of stairs while she was holding their daughter, and placed Lisa in a choke hold while she was holding their daughter and repeatedly yelled, "I will kill you!" The court found Samuel created a substantial risk to the daughter's safety during these incidents. The court also found Samuel created a substantial risk of harm to the safety of both children during the July 4, 2012 incident in which he punched Lisa in the face while she was driving with the children in the backseat.

{¶19} Although Samuel refers to selective findings by the magistrate, the case was independently reviewed by the trial court. Any error by the magistrate in finding that a substantial risk to the safety of both children was created in the garage is harmless. Further, to the extent Samuel suggests that his actions in disciplining his son when removing him from the bathroom were reasonable parental discipline, this affirmative defense was not raised before the trial court and is not supported by the totality of circumstances in the case.

{¶20} Samuel also argues that his mother's testimony was determined to be credible by the magistrate and rebutted Lisa's testimony. The trial court was not required to disregard Lisa's testimony. The trial court considered the credibility of the witnesses and aptly recognized that the testimony regarding the incidents that occurred remained uncontroverted.

{¶21} Insofar as Samuel argues the trial court determined each instance of domestic violence against the minor children was incidental to Samuel's acts against Lisa,

the record supports the trial court's conclusion that Samuel created a substantial risk to the safety to the children. Indeed, the record reflects that the children's health and safety were repeatedly placed in danger through Samuel's conduct. The trial court properly determined from a preponderance of the evidence that Lisa and the children are in danger of domestic violence. Upon a review of the record before us, we find that the trial court did not abuse its discretion by granting a civil protection order that protected the parties' children from a danger of future harm.

{¶22} Samuel next argues that the trial court erred in overruling his objections and considering prior alleged incidents of domestic violence. It is well settled that a trial court may consider past acts of domestic violence to determine whether the incident at issue constitutes domestic violence. *Pinkney v. Salett*, 8th Dist. Cuyahoga No. 96130, 2011-Ohio-4121, ¶ 5. Also, to determine whether a petitioner or a petitioner's family or household member is in danger of future harm, "courts routinely look to the petitioner's and respondent's history, including whether any past acts of violence had ever occurred." *In re E.P.*, 8th Dist. Cuyahoga No. 96602, 2011-Ohio-5829, ¶ 33. However, the issuance of a civil protection order may not be based solely on previous incidents of alleged domestic violence because there must be a present danger of future harm. *See Pinkney* at ¶ 5. In this case, the prior alleged acts of domestic violence were not the sole evidence offered to support the issuance of the civil protection order. Rather, there was competent, credible evidence of a present danger of future violence.

{¶23} At the oral argument in this case, Samuel's counsel suggested the motivation behind seeking this order was to gain leverage at the subsequent trial and to influence the eventual outcome of child custody under R.C. 3109.04. Counsel cites to the fact that a criminal protection order was already filed in an underlying criminal action that was resolved by way of a plea. Regardless of the claimed motivation, we must review this case on the facts as presented in the record.

{¶24} In this case, Lisa presented evidence from which the trial court could have concluded, by a preponderance of the evidence, that she and the children are in danger of domestic violence. Upon reviewing the entire record in this matter, we conclude the trial court did not abuse its discretion by issuing the civil protection order. The assigned errors are overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MELODY J. STEWART, J., CONCUR