[Cite as *State v. Almazan*, 2021-Ohio-1718.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,                  :

                               Nos. 110041 and 110160

    v.                                        :

HECTOR ALMAZAN,                          :

    Defendant-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 20, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-589365-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Hector Almazan, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 25. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *State v. Trone*, 8th Dist.

Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1, citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

## I. Background

{¶ 2} After trial in September 2015, the jury found defendant-appellant, Hector Almazan, guilty of Count 1, aggravated murder; Count 2, aggravated murder; Count 3, kidnapping; Count 4, murder; Count 5, felonious assault; Count 6, felonious assault; and Count 7, domestic violence. At the sentencing hearing, the trial court found that Counts 2, 3, 4, 5, 6, and 7 merged with Count 1 for purposes of sentencing, and the state elected to proceed to sentencing on Count 1, aggravated murder. The trial court stated that it was sentencing Almazan to life in prison without the possibility of parole (Tr. 1490.) Its subsequent journal entry of sentencing stated in pertinent part:

> For the purposes of sentencing, counts 2, 3, 4, 5, 6, and 7 merge with count 1. State elects to proceed to [sic] on count 1 for the purposes of sentencing. Defendant is sentenced to life in prison without the possibility of parole. The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C 2929.11. The court imposes a prison sentence at the Lorain Correctional Institution of life.

(Emphasis deleted.)

{¶ 3} In his direct appeal, Almazan challenged various evidentiary rulings made by the trial court and the sufficiency and manifest weight of the evidence supporting his convictions, and argued that he had received ineffective assistance of counsel. This court found no merit to Almazan's appeal and affirmed his convictions. *State v. Alamzan*, 8th Dist. Cuyahoga No. 103563, 2016-Ohio-5408.

{¶ 4} In April 2020, Almazan filed a "motion to correct a facially illegal sentence that's contrary to law" in which he argued that the journal entry of sentencing was inconsistent because it stated both that he was sentenced to life in prison without the possibility of parole, and that the court imposed a sentence of life in prison. Almazan argued these were "two different statutory sentences" and that resentencing was required "to impose the correct sentence." The trial court denied the motion, and Almazan appealed the decision in Case No. 110041.

{¶ 5} In June 2020, Almazan filed another motion in the trial court, this time asserting that the kidnapping conviction should not have merged with the felonious assault convictions, and that the court erred by not imposing sentences on Counts 2, 3, 4, 5, 6, and 7 before merging those counts with Count 1. The court denied the motion, and Almazan appealed the trial court's ruling in Case No. 110160.

{¶ 6} The cases were consolidated for briefing, hearing, and disposition.

## II. Law and Analysis

{¶ 7} In his first assignment of error, Almazan contends that the trial court committed reversible error by pronouncing a sentence at the sentencing hearing that is different from the sentence imposed in the journal entry of sentencing. Almazan contends that at the sentencing hearing, the trial court stated that it was sentencing him to life in prison without the possibility of parole, but that the journal entry of sentencing states that he was sentenced to life in prison with the possibility of parole.

{¶ 8} This argument was not raised in the trial court, and we therefore need not consider it. It is well settled that a party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue in the trial court waives that issue for appellate purposes. *Miller v. Cardinal Care Mgmt.*, 8th Dist. Cuyahoga No. 107730, 2019-Ohio-2826, ¶ 23, citing *Cleveland Town Ctr. L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, 83 N.E.3d 383 (8th Dist.) (appellate courts "will not consider a question not considered or decided by the lower court").

{¶ 9} Nevertheless, we find that Almazan's argument is without merit. The journal entry of sentencing, dated September 2, 2015, states in pertinent part:

> For the purposes of sentencing, counts 2, 3, 4, 5, 6 and 7 merge with count 1. State elects to proceed to [sic] on count 1 for the purposes of sentencing. Defendant is sentenced to life in prison without the possibility of parole.

(Emphasis deleted.)

{¶ 10} The sentencing entry clearly states that Almazan is sentenced to life in prison without the possibility of parole, just as the trial court stated in court at the sentencing hearing. (Tr. 1490.) Because the trial court's sentencing entry comports with the sentence the trial court imposed at the sentencing hearing, Almazan's argument has no merit.

{¶ 11} Furthermore, the issue is barred by res judicata. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any

defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in the judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Therefore, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 826 N.E.2d 824, ¶ 16.

{¶ 12} Almazan could have raised the issue of any alleged discrepancy between the sentence pronounced in court at sentencing and that contained in the sentencing entry on direct appeal. He did not do so and, therefore, the issue is barred by res judicata.

{¶ 13} Almazan's argument that res judicata does not apply because his conviction is void due to the trial court's alleged failure to sentence him on Counts 2 through 7 before merging those counts into Count 1 is without merit. "A sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42. However, "when the sentencing court has jurisdiction to act, sentencing errors * * * render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id.* The trial court unquestionably had subject matter and personal jurisdiction over Almazan when it sentenced him in 2015. Accordingly, any alleged error in sentencing would render Almazan's sentence voidable, not void, and because he did

not raise the alleged sentencing error on direct appeal, it is therefore now barred by res judicata.

**{¶ 14}** The first assignment of error is overruled.

**{¶ 15}** In his second assignment of error, Almazan contends that the trial court committed reversible error by not imposing separate sentences on Counts 2, 3, 4, 5, 6, and 7 before merging them with Count 1. In his third assignment of error, Almazan asserts that the trial court committed reversible error by not holding a hearing to determine whether the offenses were allied before finding that they merged as allied offenses. He further contends that the kidnapping conviction should not have merged with the felonious assault conviction. These arguments are likewise barred by the doctrine of res judicata.

**{¶ 16}** Almazan could have but did not raise any issue about merger or allied offenses on direct appeal. Where a defendant has not raised the issue of allied offenses on direct appeal, this court has rejected subsequent claims of improper sentencing on allied offenses as barred by res judicata. *See, e.g., State v. Turner*, 8th Dist. Cuyahoga No. 106123, 2018-Ohio-2730, ¶ 6 ("The issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction or res judicata will bar a subsequent attempt to raise the issue."); *State v. Goldsmith*, 8th Dist. Cuyahoga No. 95073, 2011-Ohio-840, ¶ 11 (issue of allied offenses barred by res judicata because the defendant failed to raise the issue on direct appeal); *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 13 ("the time to challenge a conviction based on allied offenses is through a direct

appeal"); *State v. Padgett*, 8th Dist. Cuyahoga No. 95065, 2011-Ohio-1927, ¶ 18 (the proper avenue for appellant's merger challenge would have been a direct appeal from his sentencing). Because Almazan could have but did not raise any issue about merger or allied offenses on direct appeal of his convictions, the issues are now barred by the doctrine of res judicata. The second and third assignments of error are overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EMANUELLA D. GROVES, J., CONCUR