[Cite as *S.H.B. v. M.W.L.*, 2021-Ohio-3929.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

S.H.B.,                                          :

      Petitioner-Appellee,              :

                                 No. 110334

      v.                                      :

M.W.L.,                                          :

      Respondent-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** November 4, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DV-14-352429

---

***Appearances:***

Zagrans Law Firm, L.L.C., and Eric H. Zagrans, *for appellee.*

Rosenthal | Thurman | Lane, L.L.C., Adam J. Thurman, and Brent A. Cicero, *for appellant.*

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Respondent-appellant, M.W.L. ("appellant"), brings this appeal challenging the trial court's judgment granting the "motion to extend domestic violence civil protection order" filed by petitioner-appellee, S.H.B. Appellant argues

that the trial court erred and abused its discretion in granting S.H.B.'s motion, failed to comply with R.C. 3113.31(E)(3)(c), erred and abused its discretion by permitting S.H.B.'s son to testify as a rebuttal witness, and erred and abused its discretion in relying on inadmissible evidence and facts that occurred prior to the issuance of the domestic violence civil protection order (hereinafter "CPO"). After a thorough review of the record and law, this court vacates the trial court's judgment extending the CPO for an additional five years and remands the matter for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} On June 9, 2014, S.H.B. filed a complaint for divorce against appellant in Cuyahoga C.P. No. DR-14-352427. On the same day, in Cuyahoga C.P. No. DV-14-352429, S.H.B. filed a petition for a domestic violence CPO against appellant, her then-husband. S.H.B. sought protection for herself and her son, M.B.[1] A magistrate issued an ex parte temporary CPO in S.H.B.'s favor, effective until June 8, 2015. In June 2015, following a hearing, a magistrate found appellant in contempt for violating the ex parte CPO by placing a GPS tracking device on S.H.B.'s vehicle and contacting S.H.B. via phone after the CPO had been issued.

{¶ 3} On June 4, 2015, the trial court granted S.H.B.'s petition for a CPO. The trial court issued a CPO that was effective until March 26, 2020.

---

[1] M.B. was born on August 29, 1997.

{¶ 4} In May 2018, the trial court found appellant in contempt for violating the CPO. The trial court imposed a 30-day jail sentence. Appellant began serving this sentence but did not complete it.

{¶ 5} On September 23, 2019, S.H.B. filed a motion to extend the CPO pursuant to R.C. 3113.31(E)(3). S.H.B. requested a five-year extension of the CPO, through March 26, 2025. In support of her motion for an extension, S.H.B. submitted an affidavit, executed on September 20, 2019, in which she averred, in relevant part,

> 7. Unfortunately, [appellant] has continued to refuse to comply with the Original DV CPO on numerous occasions. For example, on February 21, 2016, at about 8:45 p.m., [appellant] sat in his parked truck at the front of the cul-de-sac where I lived, with his lights off, watching and waiting for me to drive away so he could follow me. Then, as I drove out of my driveway to drive my mother home to her apartment, [appellant] chased me through the neighborhood development at a high speed as I tried to get away from him. I finally left the development, got away from him, and phoned the Solon Police. [Appellant] was charged and admitted to following me in violation of the Original DV CPO at his hearing on those charges in the Bedford Municipal Court.
>
> 8. Even since that time, [appellant] has continued to violate the Original DV CPO. For example, on August 27, 2019, at 4:45 p.m., [appellant] circled around my parked car, attempting to intimidate and harass me while I was inside of the car talking to my daughter on my cell phone. When he saw me taking his picture on my cell phone, he stopped circling my car and walked away. This close proximity that [appellant] did purposefully once he saw me and my car, violated the 500-foot distance restriction in the Original DV CPO.
>
> 9. I am concerned about [appellant's] state of mind because I know he has actively prepared for "doomsday" by amassing survival gear including many rifles, semi-automatic weapons and other guns, considerable amounts of ammunition, stock-piled food and medical supplies, infrared night-vision goggles, binoculars, and other military-

type gear in the "safe room" shelter he built at the cost of over $100,000 beneath our house.

10. I remain concerned for my safety and the safety of my family members because of [appellant's] continued deliberate, purposeful and calculated tactics aimed at menacing and/or hurting me. Without an extension of the Original DV CPO for the maximum of five (5) years allowed by law, I will be vulnerable to his continued threatening and menacing behaviors.

{¶ 6} On February 11, 2020, the parties filed a joint motion to extend the CPO until the later date of April 14, 2020, or until the trial court ruled on S.H.B.'s motion to extend. The trial court issued a judgment entry on February 12, 2020, extending the CPO.

{¶ 7} The hearing on S.H.B.'s motion to extend was continued several times. The trial court held a Zoom hearing on S.H.B.'s motion to extend on January 12, 2021. The trial court also addressed the following motions during this hearing: (1) appellant's motion to return his firearms, (2) S.H.B.'s motion for the immediate execution of the 30-day jail sentence for the court's prior finding of contempt, and (3) appellant's motion to modify the 30-day jail sentence.

{¶ 8} S.H.B. and her son, M.B., testified on S.H.B.'s behalf at the hearing. Appellant and Dr. Vladimir Vekstein testified on appellant's behalf at the hearing.

{¶ 9} On February 10, 2021, the trial court issued a judgment entry granting S.H.B.'s motion to extend the CPO. The trial court issued the following findings of fact in its judgment entry:

2. That [S.H.B.] presented credible testimony that on August 27, 2019, when the current CPO was still in effect and approximately five years since the issuance of the [ex parte CPO], while she was parked in a shopping area parking lot, [appellant] began circling her vehicle, at

least two (2) full circles, on foot, causing her concern for her safety should she exit the vehicle.

3.   That [S.H.B.] provided credible testimony that [appellant] previously placed a GPS tracker on her car during the time the Current CPO was in effect.

* * *

7.   That [S.H.B.] provided credible testimony that [appellant] has placed a GPS on [S.H.B.'s] car, recorded her telephone conversations, has driven past her home, on multiple occasions, since the issuance of the current CPO causing her concern for her safety.

8.   That [appellant] has violated the Civil Protection Order and currently has a remaining jail sentence for a violation of the CPO in this case.

9.   That [S.H.B.] provided credible testimony that during their marriage [appellant] has threatened her, been aggressive, has held a knife to her and has put a gun to her head.

10. That [appellant] testified that he did not mean [S.H.B.] any ill will over the last five (5) years, however based upon his behavior of going by [S.H.B.'s] house, GPS tracker and violations of the current CPO, [appellant's] testimony is not consistent with his actions.

* * *

14. That [appellant] testified that to his knowledge there have not been any violations directly or incidentally of the CPO. This testimony is not consistent with his [Bedford Municipal Court] proceeding, the proceedings in this Court and the credible testimony of [S.H.B. and M.B.]

15.   [Appellant] continues to violate the current CPO, even after spending time in jail, which is part of the Court record, as a result of this Court's prior finding of contempt.

16.  That [S.H.B.] testified that she continues to be afraid to leave her home due to the behaviors of [appellant] and her fear of him.

17.  That there is evidence of continued threats and incidents that would suggest, based on past and present behavior, that [appellant] continues

to pose a threat of harm to [S.H.B.] that requires an extension of the [CPO].

{¶ 10} Based on these findings, the trial court concluded that the factors set forth in R.C. 3113.31(E)(8)(c) "heavily weigh in favor of [S.H.B.'s] Motion to Extend the CPO. Therefore, [S.H.B.] has met her burden of proof, by a preponderance of the evidence that the current CPO should be extended for an additional five (5) year period."

{¶ 11} On March 4, 2021, appellant filed the instant appeal challenging the trial court's judgment. Appellant assigns four errors for review:

> I. The trial court erred as a matter of law and abused its discretion when it failed to comply with [R.C.] 3113[.31](E)(3)(c) because a [CPO] cannot be "extended" and must be renewed in the same manner as the original protection order.
>
> II. The trial court erred as a matter of law and abused its discretion when it permitted [M.B.] to testify as a rebuttal witness.
>
> III. The trial court erred as a matter of law and abused its discretion when it relied on inadmissible evidence, testimony, and facts that occurred prior to the issuance of the [CPO].
>
> IV. The trial court erred as a matter of law and abused its discretion when it granted [S.H.B.'s] motion to modify/extend the [CPO].

## II. Law and Analysis

{¶ 12} Appellant's assignments of error all pertain to the trial court's judgment granting S.H.B.'s motion to extend the CPO. After reviewing the record, however, we find that appellant's first assignment of error is dispositive of this appeal.

## A. Standard of Review

{¶ 13} Pursuant to R.C. 3113.31(D), in order to grant a protection order, the trial court must find that petitioner has shown, by a preponderance of the evidence, that petitioner or petitioner's family are in danger of domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34, 42, 679 N.E.2d 672 (1997). The decision whether to grant a CPO lies within the sound discretion of the trial court. *Friedlander v. Friedlander*, 8th Dist. Cuyahoga No. 100245, 2014-Ohio-2180, ¶ 17, citing *Hoyt v. Heindell*, 191 Ohio App.3d 373, 2010-Ohio-6058, 946 N.E.2d 258, ¶ 39 (11th Dist.). When a respondent argues that the trial court erred in issuing a protection order, the question on appeal is whether there was sufficient credible evidence to support a finding that the respondent had engaged in acts or threats of domestic violence. *C.A.P. v. M.D.P.*, 8th Dist. Cuyahoga No. 109882, 2021-Ohio-3030, ¶ 22, citing *Abuhamda-Sliman v. Sliman*, 161 Ohio App.3d 541, 2005-Ohio-2836, 831 N.E.2d 453, ¶ 10 (8th Dist.).

{¶ 14} This court reviews challenges to the scope of a protection order for an abuse of discretion. *In re R.K.*, 2020-Ohio-35, 150 N.E.3d 1247, ¶ 69 (8th Dist.), citing *In re E.P.*, 8th Dist. Cuyahoga No. 96602, 2011-Ohio-5829, ¶ 18. This court also reviews a trial court's judgment modifying a CPO for an abuse of discretion. *Y.H. v. C.C.*, 8th Dist. Cuyahoga No. 107892, 2019-Ohio-2922, ¶ 13, citing *Dowhan v. Dowhan*, 11th Dist. Lake No. 2012-L-037, 2012-Ohio-5830, ¶ 34.

{¶ 15} An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571,

2015-Ohio-4915, 45 N.E.3d 987, ¶ 13. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. *Vannucci v. Schneider*, 2018-Ohio-1294, 110 N.E.3d 716, ¶ 22 (8th Dist.).

## B. R.C. 3113.31(E)(3)(c)

{¶ 16} In his first assignment of error, appellant argues, in part, that the trial court erred and abused its discretion by failing to comply with R.C. 3113.31(E)(3)(c). Specifically, appellant contends that the trial court was required to renew the CPO pursuant to R.C. 3113.31(E)(3)(c), rather than modifying or extending the CPO pursuant to R.C. 3113.31(E)(3)(a) and (E)(8). After reviewing the record, we agree.

{¶ 17} As an initial matter, we note that appellant failed to raise his argument that the trial court was required to renew the CPO, rather than modify or extend the CPO, in the trial court. Nor did appellant object to the trial court's authority or jurisdiction to entertain S.H.B.'s motion to extend the CPO. Appellant is raising this argument for the first time on appeal.

{¶ 18} By failing to object to the trial court's authority or jurisdiction to adjudicate S.H.B.'s motion to extend, appellant has waived all but plain error. *See State v. Macura*, 8th Dist. Cuyahoga No. 108111, 2019-Ohio-4064, ¶ 14. Furthermore,

> [i]t is well settled that a party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue in the trial court waives that issue for appellate purposes. *Miller v. Cardinal Care Mgmt.*, 8th Dist. Cuyahoga No. 107730, 2019-Ohio-2826, ¶ 23, citing *Cleveland Town Ctr. L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, 83 N.E.3d 383 (8th Dist.) (appellate courts

"will not consider a question not considered or decided by the lower court").

*State v. Almazan*, 8th Dist. Cuyahoga Nos. 110041 and 110160, 2021-Ohio-1718, ¶ 8.

**{¶ 19}** Although this issue was not brought to the trial court's attention, this court has discretion to recognize plain error in order to prevent a miscarriage of justice. *See In re J.J.*, 8th Dist. Cuyahoga No. 106954, 2019-Ohio-866, ¶ 20. "Plain error is an obvious error or defect in the trial proceedings that affects a substantial right." *Id.*, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

**{¶ 20}** In the instant matter, we find that the trial court committed plain error in granting S.H.B.'s motion to extend the CPO.

**{¶ 21}** R.C. 3113.31(E)(3)(a), authorizing a trial court to modify a CPO, provides that "[a]ny protection order issued or consent agreement approved under this section shall be valid until a date certain, *but not later than five years from the date of its issuance or approval*, * * * unless modified or terminated as provided in division (E)(8) of this section." (Emphasis added.) The trial court originally issued the CPO on June 4, 2015, and the CPO was effective until March 26, 2020.

**{¶ 22}** R.C. 3113.31 does not specifically provide for the "extension" of a CPO. *See Martin v. Martin*, 10th Dist. Franklin No. 13AP-171, 2013-Ohio-5703, ¶ 9. However, R.C. 3113.31(E)(3)(c) authorizes a trial court to renew a CPO. R.C. 3113.31(E)(3)(c) provides that "[a]ny protection order issued or consent agreement approved pursuant to this section may be renewed in the same manner as the original order or agreement was issued or approved."

{¶ 23} In her "motion to extend" the CPO, S.H.B. appeared to request both (1) a modification and extension of the CPO, and (2) a renewal of the CPO. S.H.B.'s "motion to extend" provided, in relevant part,

> [S.H.B.] hereby moves the Court, *pursuant to R.C. 3113.31(E)(3)(c)*, to continue and extend the [CPO] originally issued on June 9, 2014, which was extended by further Order on June 4, 2015, and which currently expires by its express terms on March 26, 2020, for an additional five (5) years, through and including March 26, 2025, *as authorized by R.C. 3113.31(E)(3)(a)*.

(Emphasis added.)

{¶ 24} As noted above, R.C. 3113.31(E)(3)(c) governs the renewal of a CPO, and R.C. 3113.31(E)(3)(a) governs the modification or termination of a CPO. Accordingly, in her "motion to extend," S.H.B. referenced the trial court's authority to both renew and to modify a CPO.

{¶ 25} After reviewing S.H.B.'s motion to extend, however, it is clear that she was requesting a renewal of the CPO rather than a modification or extension of the CPO. *See Lundin v. Niepsuj*, 9th Dist. Summit No. 28223, 2017-Ohio-7153, ¶ 16 (although petitioner requested the trial court to "modify" the CPO, the Ninth District held that the petitioner was clearly requesting a renewal of the CPO because petitioner expressed a desire to "extend the [CPO's expiration] date another five continuous years" and the motion to modify was filed shortly before the CPO was set to expire); *Martin*, 10th Dist. Franklin No. 13AP-171, 2013-Ohio-5703, at ¶ 11 (petitioner's motion to extend a CPO, which was filed approximately three weeks before the CPO was set to expire, "effectively became a motion to renew the soon-

to-expire consent CPO" because respondent had not been served with petitioner's motion to extend as of the day before the CPO's expiration date).

{¶ 26} Here, S.H.B. filed her motion to extend less than six months before the original five-year CPO was set to expire. In her motion to extend, S.H.B. requested that the CPO be "continued" and "extended" for an additional five years, from March 26, 2020 (the date on which the original CPO that the trial court issued in June 2015 was set to expire) through March 26, 2025.

{¶ 27} The relief requested by S.H.B. — a five-year extension of the CPO — could only be provided through a renewal of the CPO. The trial court could not modify the expiration date of the original CPO or extend the original CPO for another five years. Pursuant to R.C. 3113.31(E)(3)(a), the maximum duration of a domestic violence CPO issued under R.C. 3113.31 is five years. *Elmurr v. Makdessi*, 8th Dist. Cuyahoga No. 107273, 2019-Ohio-1437, ¶ 21; *Martin* at ¶ 22; *Lundin* at ¶ 18 (had petitioner requested a modification of the CPO, the modification "would have been temporally limited to the expiration date of the original CPO").

{¶ 28} Based on the foregoing analysis, we find that S.H.B.'s "motion to extend" the CPO was effectively a request to renew the CPO pursuant to R.C. 3113.31(E)(3)(c).

{¶ 29} After reviewing the record, we find that the trial court committed plain error in granting S.H.B.'s motion to extend. The record reflects that the trial court attempted to modify and extend the CPO pursuant to R.C. 3113.31(E)(3)(a),

rather than attempting to renew it pursuant to R.C. 3113.31(E)(3)(c). The trial court also applied the wrong standard in ruling on S.H.B.'s motion to extend.

{¶ 30} In its February 10, 2021 judgment entry granting S.H.B.'s motion to extend, the trial court cited (1) its authority under R.C. 3113.31(E)(3)(a) to *modify* a CPO, and (2) the procedure for *modifying or terminating* a CPO under R.C. 3113.31(E)(8). The trial court also acknowledged its duty to consider the factors set forth in R.C. 3113.31(E)(8)(c)(i)-(xii) in determining whether *to modify or terminate* a CPO. The trial court concluded that the factors set forth in R.C. 3113.31(E)(8)(c), governing modification of a CPO, "heavily weigh in favor of [S.H.B.'s] Motion to Extend the CPO."

{¶ 31} The trial court's judgment entry provided that pursuant to R.C. 3113.31(E)(8)(b), S.H.B. had "the burden of proof to show, by a preponderance of the evidence, that *the modification or termination* of the [CPO] is appropriate because either the [CPO] protection is no longer needed or because the terms of the original [CPO] are no longer appropriate." (Emphasis added.) The trial court concluded that S.H.B. "met her burden of proof, by a preponderance of the evidence that the current CPO should be extended for an additional five (5) year period." The modified CPO issued by the trial court provides, in relevant part, "[t]his proceeding came on for a hearing on [January 12, 2021]. Base[d] on the evidence presented and *consideration of factors set forth in R.C. [3113].31(E)(8)*, the Court finds that the *motion to modify* the prior Domestic Violence Civil Protection Order issued on June 4, 2015 is well taken." (Emphasis added.)

{¶ 32} Based on the foregoing analysis, we find that the trial court erred in applying the standard governing modification or termination of a CPO, rather than the standard governing renewal of a CPO. We cannot say that the totality of the circumstances indicate that the trial court was attempting to renew the CPO. *See Lundin*, 9th Dist. Summit No. 28223, 2017-Ohio-7153, at ¶ 18 (the Ninth District concluded that based on the circumstances present in that case, it was "clear" that the trial court was attempting to renew the CPO rather than modify the CPO); *Martin*, 10th Dist. Franklin No. 13AP-171, 2013-Ohio-5703, at ¶ 22 (the Tenth District concluded that it was "clear" that the final CPO issued by the trial court was a renewal and not an extension). In this case, it is clear that the trial court improperly attempted to modify the CPO, pursuant to R.C. 3113.31(E)(3)(a) and (E)(8), by extending its duration for five more years. The trial court's judgment modifying and extending the CPO for an additional five years exceeded the maximum five-year period permitted under R.C. 3113.31(E)(3)(a).

{¶ 33} For all of the foregoing reasons, appellant's first assignment of error is sustained with respect to appellant's argument that the trial court erred by failing to comply with R.C. 3113.31(E)(3)(c). The record reflects that the trial court applied the wrong standard in ruling on S.H.B.'s motion to extend. The trial court should have applied the standard under R.C. 3113.31(E)(3)(c) governing renewal of a CPO, rather than the standard under R.C. 3113.31(E)(3)(a) and (E)(8) governing modification or termination of a CPO.

{¶ 34} Our resolution of appellant's first assignment of error renders his second, third, and fourth assignments of error moot.

{¶ 35} The trial court's judgment extending the CPO for an additional five years is vacated. The matter is remanded to the trial court for further proceedings.

{¶ 36} On remand, the trial court is instructed to adjudicate S.H.B.'s motion to extend, in which she requests that the CPO be renewed. The trial court shall hold a hearing and determine whether to renew the CPO pursuant to its authority under R.C. 3113.31(E)(3)(c) — that is, whether S.H.B. can demonstrate, by a preponderance of the evidence, that she or her family members are the victims of, or in danger of, domestic violence, as defined under R.C. 3113.31(A)(1). *See Lundin* 9th Dist. Summit No. 28223, 2017-Ohio-7153, at ¶ 19, citing *Felton*, 79 Ohio St.3d at 42, 679 N.E.2d 672, and R.C. 3113.31(D); *Spaulding v. Spaulding*, 6th Dist. Lucas No. L-20-1102, 2021-Ohio-533, ¶ 10; *see also In re M.F.*, 2020-Ohio-109, 151 N.E.3d 981, ¶ 20-23 (8th Dist.) (where the trial court applied the wrong standard in ruling upon appellant's motions for recalculation of credit for confinement, this court remanded the matter to the trial court for a new ruling and instructed the trial court to apply the correct standard in ruling upon appellant's motions).

{¶ 37} Pursuant to the parties' stipulation and agreement to extend the CPO until the trial court held a hearing on S.H.B.'s motion to extend or issued a decision on the motion, the CPO remains in full force and effect on remand.

{¶ 38} As noted above, S.H.B. filed her motion to extend the CPO on September 23, 2019, before the CPO expired on March 26, 2020. The trial court set a hearing on S.H.B.'s motion to extend for March 5, 2020.

{¶ 39} On January 30, 2020, the trial court issued a judgment entry that provided, in relevant part, "[i]t is ordered that *if parties agree to an extension of the current* [*CPO*] until the April 14, 2020 hearing date [on S.H.B.'s motion for the immediate execution of appellant's jail sentence and appellant's motion to return firearms], then the motion to extend can be heard on that date with the other motions, and the March 5, 2020 hearing date can be cancelled." (Emphasis added.)

{¶ 40} Pursuant to the trial court's January 30, 2020 judgment entry, the parties reached an agreement to extend the CPO. On February 11, 2020, before the CPO expired on March 26, 2020, the parties filed a "joint motion to extend civil protection order." Therein, the parties moved to "extend the [CPO] until April 14, 2020 or *until such time as* [*the trial court*] *issues a ruling on* [*S.H.B.'s*] *Motion to Extend* [*CPO*], *whichever is later*." (Emphasis added.) On February 12, 2020, the trial court issued a judgment entry granting the parties' joint motion to extend the CPO. The trial court's judgment entry provided, in relevant part, that the "[CPO] is extended until April 14, 2020, *or until such time as the Court rules on* [*S.H.B.'s*] *Motion to Extend the Domestic Violence* [*CPO*], *whichever is later*." (Emphasis added.)

{¶ 41} During oral arguments, appellant's counsel acknowledged that both parties agreed to continue the hearing on S.H.B.'s motion to extend several times.

The record reflects that the parties agreed to continue the original March 5, 2020 hearing date on the motion to extend "due to the rapid spread of COVID-19, and [a]ppellant's age of 76 and health concerns[.]" Appellant's brief at 1. On March 24, 2020, appellant filed a motion for a continuance of the April 14, 2020 hearing on S.H.B.'s motion to extend due to his own health concerns and the COVID-19 pandemic. The trial court granted appellant's motion for a continuance and rescheduled the hearing. The hearing was continued again in July 2020 and October 2020. The trial court's July 23, 2020 judgment entry provided, in relevant part, that "the court grants a continuance and *the current CPO shall remain in full force and effect until further order of the court.*" (Emphasis added.) Appellant did not object to the trial court's order or challenge the validity of the CPO.

{¶ 42} To the extent that appellant argues that regardless of the parties' agreement to extend the CPO, the CPO expired by operation of law on March 26, 2020, we disagree.

{¶ 43} At no point did appellant object to any of the continuances of the hearing on the motion to extend, challenge the validity of the CPO during the continuances, or attempt to withdraw his consent to the extension of the CPO. By agreeing to extend the CPO until the trial court issued a ruling on S.H.B.'s motion to extend, appellant waived any issue with respect to the trial court adjudicating S.H.B.'s motion to extend after the CPO's March 26, 2020 expiration date. Furthermore, "[u]nder the invited error doctrine, a party may not take advantage of an alleged error that the party induced or invited the trial court to make." *Yuse v.*

*Yuse*, 8th Dist. Cuyahoga No. 89213, 2007-Ohio-6198, ¶ 14, citing *State v. Woodruff*, 10 Ohio App.3d 326, 327, 462 N.E.2d 457 (2d Dist.1983).

**{¶ 44}** For all of the foregoing reasons, the CPO remains in full force and effect until such time as the trial court rules on S.H.B.'s motion to extend.

**{¶ 45}** Judgment vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR